IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUTHER JONES, JR.,

    Plaintiff,                    No.  2:12-cv-02381 KJN P

    vs.

CALIFORNIA MEDICAL FACILITY
CUSTODY STAFF,                  <u>ORDER</u> and

    Defendant.                <u>FINDINGS AND RECOMMENDATIONS</u>

        /

        Plaintiff is a state prisoner, proceeding without counsel, who seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  However, because this action must be dismissed without prejudice, for the reasons set forth below, the court also denies without prejudice plaintiff's motion to proceed in forma pauperis.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

1  Plaintiff, who is currently incarcerated at California State Prison-Solano ("CSP-
2 SOL"), alleges that he was "adversely transferred" from CMF to CSP-SOL on January 18, 2012.
3 (Dkt. No. 1 at 3.)  Plaintiff states that he is diabetic and has "P.A.D." (peripheral artery disease)
4 and "R.L.S." (restless leg syndrome).  Plaintiff alleges that he does "not get anywhere near the
5 medical treatment I was getting at CMF," which has caused plaintiff to "have more injuries
6 because of non-treatment."  (Id.)  These problems include "waking up in a[n] emergency room at
7 CSP Solano in a diabetic coma;" walking long distances in inclement weather (plaintiff states
8 that, at CMF, his meals were brought to him); and the inability to obtain toothpaste for his
9 sensitive teeth, previously prescribed by a CMF dentist.  Plaintiff also alleges that his property
10 was confiscated by CMF staff, and that plaintiff continues to be deprived of his "personal TV,
11 hot pot, religious cross, headphone, and my big cooking bowl, two quart water container which I
12 had for years.  Plus all my connectors and three (3) different length cables."  (Id. at 5-6.)  Plaintiff
13 contends that these conditions are causing him significant mental distress.  Plaintiff seeks the
14 return of his property, and $455,000 damages.  Plaintiff states that his 602 appeal (challenging
15 his past and pending transfers, and the confiscation of his property) is still pending but, because
16 plaintiff has now been "reclassified for another transfer," he filed this action because he was
17 concerned that his current appeal would become "null and void."  (Dkt. No. 1 at 5.)

18  Plaintiff names as defendants the California Medical Facility, as well as "CMF
19 Custody Staff, Third Floor, Counselor to Captain," "CMF R&R Staff, Officers to Sgt. CMF
20 Medical & Psych.," and "CSP Solano Medical Staff, Social Worker, psychotherapist,
21 psychologist, nurses and doctors."  (Dkt. No. 1 at 2-3.)

22  Several problems beset the complaint.  Most significantly, plaintiff concedes that
23 he did not exhaust his administrative remedies before initiating this action.  The Prison Litigation
24 Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies
25 before bringing a federal civil rights action.  See 42 U.S.C. § 1997e(a); Brown v. Valoff, 422
26 F.3d 926, 934 (9th Cir. 2005); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  The

district court must dismiss an action where it is clear from the face of the complaint that plaintiff failed to exhaust his administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam); Wyatt v. Terhune, 315 F.3d 1108, 1120 ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . ."); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

In the present case, it is clear from the face of the complaint that plaintiff did not exhaust his administrative remedies before initiating this action. While the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable," Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010), plaintiff does not make this assertion. Rather, plaintiff states that he intentionally initiated this action before exhausting his administrative remedies because he was concerned that he would be transferred to another institution before CSP-SOL completed review of his appeal. Plaintiff's failure to exhaust the underlying appeal is underscored by plaintiff's supplemental filing (see Dkt. No. 9), which contains, inter alia, a Second Level Response to the appeal, dated August 16, 2012 (see id. at 9), more than a month after plaintiff filed his complaint. For these reasons, plaintiff's complaint and this action must be dismissed without prejudice. Once plaintiff receives the Director's Level Response to his appeal, he may file a new action in federal court.

The following is provided as guidance should plaintiff choose to file a new complaint in a new action, after exhaustion of his administrative remedies.

First, the alleged circumstances underlying the confiscation and retention of plaintiff's property are too vague to ascertain whether plaintiff can state a potentially cognizable due process claim. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Only an authorized, intentional deprivation of property -- one carried out pursuant to established

state procedures, regulations, or statutes -- may constitute an actionable violation of the Due Process Clause. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Second, plaintiff has failed to allege the necessary elements for stating a potentially cognizable challenge to his medical care. In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under Section 1983 and the Eighth Amendment unless the alleged mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that "the indifference to [plaintiff's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. To establish deliberate indifference, a plaintiff must show that defendants knew of and disregarded an excessive risk to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inferences." Id. Plaintiff's allegations fail to meet these requirements.

Third, all of plaintiff's claims fail to allege an actual connection or link between the alleged conduct of specifically identified, individual defendants and plaintiff's alleged constitutional deprivations. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a specific defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, supra, 588 F.2d at 743. Moreover, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-646 (9th Cir. 1989) (citations omitted). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Should plaintiff file a new action after exhausting his administrative remedies, he must identify individual defendants, the challenged actions or inactions of each defendant, and demonstrate how these actions or inactions deprived plaintiff of his constitutional rights. Rizzo v. Goode, supra, 423 U.S. at 371.

   Finally, because plaintiff's complaint must be dismissed at the outset for failure to exhaust administrative remedies, the court declines to impose the filing fee, which is otherwise required of prisoners granted leave to proceed in forma pauperis.[1] See 28 U.S.C. § 1915(a). In any newly-filed action, plaintiff may submit a new application to proceed in forma pauperis. Plaintiff is cautioned, however, that if he attempts to further pursue the instant action, rather than file a new civil rights action after exhaustion of his administrative remedies, the court will grant in forma pauperis status and impose the $350.00 filing fee in this case before again recommending that this action be dismissed.

////

////

---

[1] The court notes that plaintiff is not a frequent or vexatious litigant in this court, or subject to the "three strikes" rule of 28 U.S.C. § 1915(g).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is denied without prejudice; and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone2381.14.not