1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUTHER JONES, JR.,

11          Plaintiff,                    No.  2:12-cv-02381 KJM KJN P

12      vs.

13   CALIFORNIA MEDICAL FACILITY
     CUSTODY STAFF,

14          Defendants.              ORDER

15   _____/

16

17          On October 18, 2012, this court recommended the dismissal of this action without

18   prejudice based on plaintiff's concession that he had failed to exhaust his administrative

19   remedies.  (See Dkt. No. 13.)  Due to the apparent inability of plaintiff to proceed with this action

20   at this time, the court declined to impose the filing fee pursuant to plaintiff's application to

21   proceed in forma pauperis.  Nevertheless, the court pointed out the substantive deficiencies of

22   plaintiff's complaint to guide him in the future.

23          On November 5, 2012, plaintiff filed a Notice of Change of Address, informing

24   the court of plaintiff's transfer to California State Prison-Corcoran ("CSP-COR"), and a motion

25   for appointment of counsel, which includes objections to the undersigned's findings and

26   recommendations.  Plaintiff asserts that he did exhaust his administrative remedies, the proof of

1   which he submitted to the United States District Court for the Northern District of California.

2   However, all of plaintiff's documents sent to the Northern District were forwarded to this court.

3   (See Dkt. No. 9; see also Dkt. No. 1 (exhibits attached to complaint); Dkt. Nos. 5, 6 (letters from

4   plaintiff) .)  Pursuant to this court's review of those documents, the undersigned concluded that

5   they did not include a Third Level Review, and therefore failed to demonstrate the exhaustion of

6   administrative remedies.  (See Dkt. No. 13 at 4.)  Plaintiff asserts that the court reached the

7   wrong conclusion.  However, plaintiff states that he is presently in administrative segregation at

8   CSP-COR, without access to his legal documents, and requires the appointment of counsel to

9   obtain his legal materials and pursue his claims of deliberate indifference to his serious medical

10   needs.

11           The court previously cautioned plaintiff "that if he attempts to further pursue the

12   instant action, rather than file a new civil rights action after exhaustion of his administrative

13   remedies, the court will grant in forma pauperis status and impose the $350.00 filing fee in this

14   case before again recommending that this action be dismissed."  (Dkt. No. 13 at 6.)  In an

15   abundance of caution, the court will not recommend dismissal at this time, but accord plaintiff an

16   opportunity to demonstrate that his claims are viable.  Because plaintiff wishes to pursue this

17   action, and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a),[1]

18   his request to proceed in forma pauperis is granted.

19           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

20   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

21   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

22   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

23   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

24

25           [1]  Although the application completed by plaintiff is on a form used by another district
26   court, plaintiff's responses, together with a copy of plaintiff's trust account statement, are
     sufficient to assess plaintiff's eligibility to proceed in forma pauperis.

1 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2 account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4 U.S.C. § 1915(b)(2).

5          However, plaintiff's request for appointment of counsel must be denied at this

6 time.  District courts lack authority to require counsel to represent indigent prisoners in

7 section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

8 exceptional circumstances, the court may request an attorney to voluntarily to represent such a

9 plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

10 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether

11 "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the

12 merits as well as the ability of the plaintiff to articulate his claims pro se in light of the

13 complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009)

14 (district court did not abuse discretion in declining to appoint counsel).  The burden of

15 demonstrating exceptional circumstances is on the plaintiff.  See Palmer, 560 F.3d at 970.

16 Circumstances common to most prisoners, such as lack of legal education and limited law library

17 access, do not establish exceptional circumstances that warrant a request for voluntary assistance

18 of counsel.

19          For the several reasons previously stated by this court, plaintiff has not

20 demonstrated a likelihood of success on the merits of his claims.  However, plaintiff has

21 demonstrated tenacity in pursuing this action, and ably articulated his reasons for doing so.

22 Therefore, pursuant to the factors identified in Palmer, the court finds that plaintiff has failed to

23 meet his burden of demonstrating exceptional circumstances warranting the appointment of

24 counsel at this time.

25          Plaintiff will be accorded thirty days to file an amended complaint, subject to the

26 exhaustion and substantive considerations previously emphasized by this court.  (See Dkt. No.

1    13.)  In an amended complaint, plaintiff must demonstrate how the conditions about which he

2    complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362,

3    371 (1976).  Also, the complaint must allege in specific terms how each named defendant is

4    involved.  <u>Id.</u>  There can be no liability under Section 1983 unless there is an affirmative link or

5    connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>,

6    633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague

7    and conclusory allegations of official participation in civil rights violations are not sufficient.

8    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

9              An amended complaint must be complete in itself without reference to any prior

10   pleading.  <u>See</u> Local Rule 220; <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  In the present

11   case, plaintiff is directed to attach all pertinent documents as exhibits to his amended complaint.

12   The court will no longer refer to plaintiff's several filings as a composite complaint.

13             An amended complaint must comply with the requirements of the Civil Rights

14   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

15             Plaintiff may send or forward a copy of this order to the litigation coordinators at

16   CSP-COR, San Quentin State Prison, and the California Medical Facility, in support of any

17   request to obtain copies of his pertinent legal documents.  In addition, the court will send

18   plaintiff, together with a copy of this order, copies of all documents plaintiff has filed to date in

19   this action, together with the court's prior order.  Staff at CSP-COR are directed to provide

20   plaintiff with an adequate opportunity to review all of these documents, and to prepare an

21   amended complaint (or a request that this action be dismissed without prejudice).

22             Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

23             1.  The court's recommendation that this action be dismissed without prejudice

24   (Dkt. No. 13), is vacated.

25             2.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 7), is

26   granted.

1    3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

2  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

3  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

4  Director of the California Department of Corrections and Rehabilitation filed concurrently

5  herewith.

6    4. Plaintiff's request for appointment of counsel (Dkt. No. 15), is denied without

7  prejudice.

8    5. Plaintiff's complaint (Dkt. No. 1), is dismissed.

9    6. Within thirty days after service of this order, plaintiff shall complete the

10  attached Notice of Amendment and submit the following documents to the court:

11    a.  The completed Notice of Amendment.

12    b.  An original and one copy of the Amended Complaint; the Amended

13    Complaint must bear the docket number assigned to this case and be

14    labeled "Amended Complaint."

15    c.  All pertinent exhibits as attachments to the Amended Complaint.

16    7. Alternatively, within thirty days after service of this order, plaintiff may

17  request that this action be dismissed without prejudice, so that plaintiff can pursue his medical

18  needs at CSP-COR and/or exhaust his administrative remedies before filing a new action.

19    8. The Clerk of Court is directed to send plaintiff copies of the following

20  documents, together with a copy of this order:  (1) the original complaint and attached exhibits

21  (Dkt. No. 1); (2) the supplemental exhibits forwarded by the Northern District (Dkt. No. 9); (3)

22  plaintiff's letters to the court (Dkt. Nos. 5, 6);  (4) this court's Order and Findings and

23  Recommendations filed October 18, 2012 (Dkt. No. 13).

24  ////

25  ////

26  ////

1          9.  Failure of plaintiff to timely respond to this order will result in the dismissal of

2   this action without prejudice.

3   DATED:  November 19, 2012

4

5                                                    _____
                                                     KENDALL J. NEWMAN
6                                                    UNITED STATES MAGISTRATE JUDGE

7   jone2381.14.plus

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUTHER JONES, JR.,

11           Plaintiff,                    No.  2:12-cv-02381 KJM KJN P

12       vs.

13   CALIFORNIA MEDICAL FACILITY
     CUSTODY STAFF,

14                                          NOTICE OF AMENDMENT
             Defendants.

15   _____/

16           Plaintiff hereby submits the following in compliance with the court's order

17   filed _____:

18

19        _____        Amended Complaint

20                               OR

21        _____        Request that this action be dismissed without
                                 prejudice.

22

23

24   _____    _____
     Date                                 Plaintiff

25

26