1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUTHER JONES, JR.,

11              Plaintiff,                    No.  2:12-cv-02381 KJN[1] P

12        vs.

13   CALIFORNIA MEDICAL FACILITY
     CUSTODY STAFF,
14
                Defendants.              ORDER
15
     _____/
16

17              Plaintiff is a state prisoner, currently incarcerated at the California Substance

18   Abuse Treatment Facility ("CSATF"), in Corcoran.  On November 19, 2012, this court granted

19   plaintiff's application to proceed in forma pauperis and granted plaintiff leave to file a First

20   Amended Complaint demonstrating, inter alia, that plaintiff had exhausted his administrative

21   remedies before commencing this action.  Plaintiff thereafter filed a proposed First Amended

22   Complaint ("FAC"), and a motion for injunctive relief, as well as numerous other documents.

23   For the reasons that follow, plaintiff's motion for injunctive relief is denied, and this action is

24   _____

25        [1]  Plaintiff consented to proceed before the undersigned magistrate judge for all purposes.
     28 U.S.C. § 636(c); Local Rule 305(a).  (See Dkt. No. 30.)  The Clerk of Court is directed to
26   make the appropriate docket change.

1  dismissed without prejudice.

2         Plaintiff commenced this action while incarcerated at the California Medical

3  Facility ("CMF").  The court initially recommended dismissal of this action based on plaintiff's

4  express concession that he had failed to exhaust his administrative remedies.  (See Dkt. No. 13.)

5  Due to this clear inadequacy, the court declined to impose the filing fee pursuant to plaintiff's

6  application to proceed in forma pauperis, and identified substantive deficiencies in plaintiff's

7  complaint to guide him in the future.

8         On November 5, 2012, plaintiff filed a Notice of Change of Address, noting his

9  transfer to CSATF, and a motion for appointment of counsel, which included plaintiff's

10  objections to the undersigned's dismissal recommendation.  Plaintiff asserted that he had

11  exhausted his administrative remedies, but was unable to so demonstrate because he had been

12  placed in administrative segregation, without access to his legal materials.

13         In an abundance of caution, this court, on November 19, 2012, vacated its

14  dismissal recommendation, granted plaintiff's application to proceed in forma pauperis, and

15  granted plaintiff leave to file a First Amended Complaint subject to the exhaustion and

16  substantive considerations previously emphasized by the court.  The court denied plaintiff's

17  request for appointment of counsel without prejudice.  (Dkt. No. 21.)  The court also ordered as

18  follows (id. at 4):

19              Plaintiff may send or forward a copy of this order to the litigation
               coordinators at CSP-COR, San Quentin State Prison, and the
20              California Medical Facility, in support of any request to obtain
               copies of his pertinent legal documents.  In addition, the court will
21              send plaintiff, together with a copy of this order, copies of all
               documents plaintiff has filed to date in this action, together with
22              the court's prior order.  Staff at CSP-COR are directed to provide
               plaintiff with an adequate opportunity to review all of these
23              documents, and to prepare an amended complaint (or a request that
               this action be dismissed without prejudice).

24

25  ////

26  ////

1       Plaintiff responded by filing numerous documents,[2] a proposed FAC, and a

2  motion for injunctive relief.  The FAC challenges plaintiff's conditions of confinement at CMF,

3  as well as plaintiff's alleged adverse transfer to CSP-SOL (leading to plaintiff's transfer to

4  CSATF).  Similar to his previous complaint, the FAC, even when read in conjunction with

5  plaintiff's additional filings, fails to demonstrate that plaintiff exhausted his administrative

6  remedies before bringing this action.  While it is clear that plaintiff made several attempts to

7  administratively challenge various conditions of his confinement, these disparate challenges (e.g.,

8  inadequate diet and medical care, denial of access to legal material and law library, confiscation

9  of property) were submitted to various institutions over a period of time, and returned to plaintiff

10  for a variety of reasons (e.g., in excess of authorized number of appeals in 14-day period, failure

11  to attach pertinent documents, etc.), without any demonstration of a Third or Director's Level

12  Review.  Moreover, the FAC broadly names institutional or categorical defendants ("California

13  Medical Facility Third Floor Custody Staff, Psych Department, Medical Department, R&R

14  Custody Staff"), with limited allegations of specific claims against specific individuals (e.g.,

15

16       [2] In addition to his FAC and motion for injunctive relief, plaintiff has filed the following
documents:  (1) copy of November 20, 2012 letter plaintiff wrote to C. Nules, Staff Services
17  Manager, California Correctional Health Care Services ("CCHCS"), in response to Mr. Nules'
November 7, 2012 letter to plaintiff, concerning plaintiff's medical care at CSATF (Dkt. No. 22);
18  (2) November 19, 2012 letter addressed to the Clerk of Court wherein plaintiff states that he is
having problems obtaining his legal paperwork (Dkt. No. 23);  (3) November 25, 2012 letter
19  addressed to the Clerk of Court wherein plaintiff challenges a disciplinary finding, stating that he
sought out custodial protection when faced by a threat from other inmates; the letter also alleges
20  difficulties obtaining his legal paperwork, obtaining copies of his legal work, and obtaining
access to the law library (Dkt. No. 24); (4) more complete documentation of the challenged
21  disciplinary finding of November 15, 2012, pursuant to which plaintiff was found guilty of
refusal to accept assigned housing (Dkt. No. 25); (5) December 2, 2012 letter to the Clerk of
22  Court wherein plaintiff again alleges difficulties obtaining his legal paperwork, obtaining copies
of his legal work, and obtaining access to the law library, and further informs the court that his
23  medical conditions are being inadequately treated;  attachments include November 15, 2012
inmate appeal challenging withholding of property; November 14, 2012 health services request
24  form requesting appropriate snack food to treat his diabetes (Dkt. No. 26); (6) administrative
appeals challenging November 15, 2012 disciplinary finding, submitted by plaintiff on
25  November 18, 2012, but returned because plaintiff had "exceeded the allowable number of
appeals filed in a 14 calendar day period pursuant to CCR 3084.1(f)" (Dkt. No. 25 at 2; see also
26  Dkt. No. 24 at 2-3).

1   allegedly improper confiscation of property by correctional officers Whitten and Marin "plus the

2   Sgt. I can't pronounce his name but know by sight;" "I wrote a 602 appeal about a custody sgt.

3   named Beltram [but] [t]he 602 was never answered").  Despite repeated examination of the FAC

4   and plaintiff's additional filings, this court is unable to identify a single cognizable claim against

5   a specific individual defendant that was administratively exhausted.

6          Similarly, plaintiff's request for injunctive relief is so wide ranging (plaintiff

7   seeks appointment of counsel, continued protective custody separate from the CSATF general

8   population, transfer back to CMF, adequate diet and medical care) as to be superfluous.

9   Moreover, because premised on plaintiff's current conditions of confinement at CSATF,

10  plaintiff's motion for injunctive relief addresses matters entirely distinct from those presented in

11  the FAC, which challenge plaintiff's conditions of confinement at CMF.  The purpose of

12  preliminary injunctive relief is to preserve the status quo pending a fuller hearing on the merits of

13  the underlying claims.  See Fed. R. Civ. P. 65; Local Rule 231(a).  Thus, a court may not issue an

14  order against individuals or entities who are not parties to the underlying suit.  Zenith Radio

15  Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  These rules preclude plaintiff's motion

16  for injunctive relief on matters entirely distinct from the underlying action.

17          In addressing the obvious inadequacies of the FAC and pending motion, the

18  following factors gave the undersigned pause in deciding to dismiss this action without leave to

19  amend:

20          1.  Plaintiff is 67 years of age.
            2.  Plaintiff is enrolled in the Chronic Care Program, as well as the
21          Mental Health Services Delivery System ("MHSDS").
            3.  Plaintiff has been diagnosed with diabetes, hypertension,
22          hyperlipidemia, hepatitis C, benign prostate hypertrophy (BPH),
            and chronic kidney disease due to diabetes; plaintiff also suffers
23          from peripheral artery disease and restless leg syndrome.  Plaintiff
            has bladder control problems, is mobility impaired and uses a
24          walker.
            4.  Plaintiff has been prescribed diabetic and "pre-dialysis" or "pre-
25          renal" diets, and is allergic to peanut, sesame and soy products.
            5.  Plaintiff believes that his commitment offense places him at
26          higher risk of injury by other inmates.

4

1          6. Plaintiff believes that placement at CMF would meet both his
     medical and security needs.

2

3          Nevertheless, it appears that these matters have been squarely addressed by

4    CSATF, pursuant to communications from the Prison Law Office.  The attachments to plaintiff's

5    FAC include a March 12, 2012 letter from the Prison Law Office, addressed to the Receiver's

6    Office of Legal Affairs.  (Dkt. No. 27 at 30-1.)  The letter inquired about plaintiff's failure to

7    receive cervical and wedge pillows, and the apparent inability of CSP-SOL to meet plaintiff's

8    several medical and housing needs.  This letter apparently triggered plaintiff's transfer to

9    CSATF, although a transfer to CMF was also considered.  (See id. at 27-8.)

10         On June 18, 2012, the Prison Law Office again wrote to the Receiver's Office of

11   Legal Affairs, this time inquiring about plaintiff's care at CSAFT, specifically, requesting an

12   explanation as to plaintiff's diagnoses and treatment plans for his medical problems related to his

13   liver, kidneys and prostate; special diet needs; current chrono for wedge and cervical pillows; and

14   whether plaintiff should be placed in a higher level of care due to his mobility problems and

15   difficulty walking to food and medication lines.  (Dkt. No. 27 at 32-3.)  By letters dated July 31,

16   2012, and August 1, 2012, a California Correctional Health Care Services ("CCHCS")

17   representative responded to the Prison Law Office, with copies sent to numerous other CDCR

18   personnel, addressing plaintiff's care with respect to each of the identified matters.  (See Dkt. No.

19   27 at 40-2.)

20         These official responses appear to reflect that plaintiff is receiving adequate

21   medical care, and that dismissal of this action will not adversely impact that care.  For this

22   reason, and the reasons previously stated, the court is persuaded that the instant action must be

23   dismissed, and leave to amend at this time would be futile.

24         Plaintiff may file a new action.  However, plaintiff must clearly identify each

25   defendant and the action that each defendant took that resulted in a violation of plaintiff's

26   ////

1   constitutional rights.[3]  The court is not required to review exhibits to determine what plaintiff's

2   charging allegations are as to each named defendant.  The charging allegations must be set forth

3   in the complaint so defendants have fair notice of the claims plaintiff is presenting.  Moreover,

4   plaintiff should demonstrate that he has exhausted his administrative remedies as to each claim,

5   or explain, with supporting exhibits, how his administrative remedies were rendered

6   unavailable.[4]  The court should not be required to examine extraneous documents to make this

7   assessment on its own.

8          Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

9          1.  The Clerk of Court shall note plaintiff's consent to proceed before the

10  undersigned magistrate judge for all purposes.

11         2.  Plaintiff's motion for preliminary injunctive relief (Dkt. No. 29), is denied.

12  ////

13  ////

14  ───────────────────────

15     [3]  Plaintiff is also again informed that he must "link" each claim with a specific individual
    defendant.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
16  or connection between a specific defendant's actions and the claimed deprivation.  Rizzo v.
    Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson
17  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  "A person 'subjects' another to the deprivation of a
    constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in
18  another's affirmative acts or omits to perform an act which he is legally required to do that
    causes the deprivation of which complaint is made."  Johnson, 588 F.2d at 743; see also Leer v.
19  Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized
    and focus on the duties and responsibilities of each individual defendant whose acts or omissions
20  are alleged to have caused a constitutional deprivation.").

21     [4]  Plaintiff is again informed that an inmate must only exhaust such administrative
    remedies "as are available," 42 U.S.C. § 1997e(a); that is, exhaustion is not required when
22  circumstances render administrative remedies "effectively unavailable."  Sapp v. Kimbrell, 623
    F.3d 813 (9th Cir. 2010).  If a correctional officer prevents, or interferes with, the filing of an
23  administrative appeal or the inmate's ability to exhaust his administrative remedies, the
    exhaustion requirement may be "unavailable."  An administrative remedy is "unavailable" for
24  purposes of exhaustion if a prison official failed to respond to a properly filed grievance or
    otherwise engaged in misconduct thwarting the plaintiff's attempts to exhaust.  Brown v. Valoff,
25  422 F.3d 926 n. 18 (9th Cir. 2005); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); see
    also Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("we refuse to interpret the PLRA
26  'so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite
    delay in responding to grievances.'")

1      3.  This action is dismissed without prejudice.

2          SO ORDERED.

3   DATED:  April 12, 2013

4

5                                          _____
                                           KENDALL J. NEWMAN
6                                          UNITED STATES MAGISTRATE JUDGE

7   jone2381.AC.pi

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26